IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VS. CRIMINAL NO. 1:01-cr-82(DCB)(LG)
(Civil No. 1:03-cv-189(DCB))

GEORGE ANTHONY MARTIN

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendant George Anthony Martin's motion to vacate sentence pursuant to 28 U.S.C. § 2255 **(docket entry 38)**. Having carefully considered the motion and the government's response, and being fully advised in the premises, the Court finds as follows:

On March 15, 2002, the defendant pled guilty to conspiracy to possess with intent to distribute in excess of 50 grams of cocaine base, commonly known as "crack," in violation of Title 21 U.S.C. § 841(a)(1). On May 31, 2002, the Court entered judgment of conviction, sentencing Martin to 140 months of imprisonment, to be followed by five years of supervised release, and ordered him to pay a $100.00 special assessment.

Martin pled guilty pursuant to a memorandum of understanding ("MOU") in which he "expressly waive[d] the right to appeal the conviction and sentence imposed in this case, or the manner in which the sentence was imposed, on the grounds set forth in Section 3742, or on any ground whatsoever." (MOU ¶ 15). Also, as part of the plea agreement, Martin "expressly waive[d] the right to contest

the conviction and/or sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Section 2255, Title 28, United States Code." (MOU ¶ 15). Martin did not appeal his conviction and sentence.

As part of his plea agreement, the defendant voluntarily agreed to forego his right to collaterally attack his conviction and sentence. His voluntary decision to plead guilty served to waive all non-jurisdictional defects, including "claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000). A waiver of post-conviction relief applies to ineffective assistance of counsel claims provided the waiver was knowing, intelligent, and voluntary, United States v. Wilkes, 20 F.3d 651, 653-54 (5th Cir. 1994), unless "the claimed assistance directly affected the validity of that waiver or the plea itself." United States v. White, 307 F.3d 336, 343 (5th Cir. 2002).

Martin makes no claim that his plea was involuntary or that he failed to understand the consequences of his actions in agreeing to plead guilty as his counsel recommended. Nor does he claim that his counsel's assistance directly affected the validity of his plea or waiver. Therefore, his explicit waiver of his right to contest his conviction and sentence serves to bar his claim that his lawyer

acted ineffectively in not appealing his conviction and sentence, as well as his other challenges to his conviction and sentence. Martin's jurisdictional challenge to the sufficiency of the indictment is also unavailing as an avoidance of the waiver. See United States v. Jacquez-Beltran, 2003 WL 1704585 (5th Cir. April 1, 2003).

In the alternative, the Court finds that the defendant's claims are without merit. Martin argues that his counsel was ineffective in failing to file an appeal of his sentence. To prove ineffective assistance of counsel, he must meet the strict standard established in Strickland v. Washington, 466 U.S. 668 (1984). He "must show, first, that counsel's representation fell below an objective standard of reasonableness, and second, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." United States v. Flores-Ochoa, 139 F.3d 1022, 1024 (5th Cir. 1998). Martin's counsel was in no way deficient in failing to protect a right his client had voluntarily relinquished. Nor has Martin shown that his lawyer was deficient in recommending that he plead guilty, which accorded Martin considerable benefit despite the attendant requirement that he waive his right to appeal and seek post-conviction relief. Finally, the claims Martin asserts his attorney should have made are unavailing and would not have afforded the defendant any relief.

Martin contends that the omission in the indictment of the exact penalty provision applicable to his narcotics violation deprived the Court of jurisdiction. In challenging the sufficiency of the indictment, Martin ignores the fact that the indictment charged him with conspiracy to possess with intent to distribute "in excess of 50 grams of a mixture or substance containing cocaine base, commonly known as 'crack.'" (Indictment, Count I). The allegation in the indictment as to the drug quantity was sufficient to trigger the statutory penalty. See United States v. Turner, 319 F.3d 716, 722 (5th Cir. 2003)). Plainly, the allegation in the indictment that the conspiracy involved more than 50 grams of crack triggered the penalty provision of Title 21 U.S.C. § 841(b)(1)(A)(iii), which called for the mandatory minimum ten year sentence. Thus, Martin's claim that the government omitted a necessary element of the offense is without merit. Furthermore, "defects in an indictment due to the failure to allege an element of the offense are not jurisdictional." Jacquez-Beltran, 2003 WL 1704585, Slip Op. at 2. "To confer subject matter jurisdiction upon a federal court, an indictment need only charge a defendant with an offense against the United States in language similar to that used by the relevant statute." Id. at 2 n.1. Here the charging language in Count I of the indictment clearly tracks the statutory language of 21 U.S.C. § 841(a)(1) & § 846. Therefore, Martin's challenge to this Court's jurisdiction is also without

merit.

Finally, the defendant challenges the Court's finding that the offense involved "crack" cocaine. However, the pre-sentence report ("PSR") recommended that Martin be held responsible for 57.7 net grams of crack (PSR ¶ 7), and summarized the basis for this recommendation (PSR ¶¶ 5-6). Martin never challenged these recommended findings.

Although Martin now characterizes the findings as "assumptions," and claims he did object, there is no evidence that he ever sought to dispute the recommendations or had any basis for doing so. In the absence of any grounds for disputing the PSR, the recommendations were entitled to be accepted by the Court. See United States v. Cothran, 302 F.3d 279, 286 (5th Cir. 2002)("In general the PSR bears sufficient indicia of reliability to be considered as evidence by the district court, especially when there is no evidence in rebuttal.")(internal quotes and citation omitted). Even if Martin had objected, mere objection to a PSR without an evidentiary basis is insufficient. Id.

Furthermore, Martin has not suggested any grounds for faulting his lawyer for not contesting the sentencing. Because any alleged ineffectiveness of counsel at sentencing occurred after Martin validly entered his guilty plea, any purported shortcomings in representing him at sentencing are subject to his waiver of his right to post-conviction relief. See United States v. Garcia, 2003

WL 158869, *1 (E.D. La. 2003); United States v. Francois, 2002 WL 31819161, *3 (E.D. La. 2002); United States v. Anderson, 2002 WL 161095, *4 (E.D. La. 2002); United States v. Flunker, 2000 WL 823469, *5 (E.D. La. 2000). Accordingly,

IT IS HEREBY ORDERED that the defendant George Anthony Martin's motion to vacate sentence pursuant to 28 U.S.C. § 2255 **(docket entry 38)** is DENIED.

A separate Final Judgment shall be entered in the civil action number dismissing the petition with prejudice pursuant to Fed.R.Civ.P. 58.

SO ORDERED, this the 21st day of November, 2005.

s/David Bramlette
UNITED STATES DISTRICT JUDGE